[No. 10,924.   Department One.—March 22, 1884.]
# THE PEOPLE, APPELLANT, *v.* NELLIE WOODS, RESPONDENT.

CRIMINAL LAW — NEW TRIAL — LARCENY — IDENTITY. — The defendant was indicted for stealing certain personal property alleged to belong to one Henry Williams. At the trial, Williams testified to his name as alleged. Defendant after conviction moved for a new trial on the ground of newly discovered evidence, and in support of the motion it was shown that the true name of Williams was Henry Williams Brocken, but it also appeared that he was sometimes known and represented himself as Henry Williams. The court granted the motion. *Held,* error.

APPEAL from an order of the Superior Court of the city and county of San Francisco granting a new trial.

The facts are stated in the opinion of the court.

*Attorney-General Marshall,* for Appellant.

*M. S. Horan,* for Respondent.

ROSS, J.—Defendant was indicted and tried for the larceny of one hundred and five dollars, the personal property of one Henry Williams. On the trial the person to whom the money was alleged to have belonged was examined as a witness and testified, among other things, that his name was Henry Williams. In due course the defendant was convicted, and afterwards moved for a new trial on the ground of newly discovered evidence — the alleged newly discovered evidence consisting in the fact that the owner of the stolen property was not Henry Williams, but was Henry Williams Brocken. In support of this motion the person spoken of as Henry Williams was permitted to testify in the court below that his true name was Henry Williams Brocken, and that he was so known by his friends and associates. He admitted, however, that he sometimes used the name Henry Williams in correspondence. And further, "I gave the name Henry Williams instead of Henry Williams Brocken, because I did not wish my own name to go into print." The court below granted defendant a new trial. In this there was error. The testimony on which the order was based itself shows that the person from whom the money was stolen was sometimes known as Henry Williams, and so held himself out. There was no doubt as to his identity.

Order reversed.

McKEE, J., and McKINSTRY, J., concurred.

The judgment was subsequently made final by the approval of MORRISON, C. J., ROSS, J., and McKINSTRY, J.

[No. 9,134.  In Bank.—March 22, 1884.]

EDWARD LONGAN, APPELLANT, v. THE COUNTY OF SOLANO, RESPONDENT.

CONSTITUTIONAL LAW — COUNTY GOVERNMENT ACT. — The title of the Act of the 14th of March, 1883, relating to county and township governments, fairly expresses the subject of the act, and is a sufficient compliance with the provision of section 24 of article iv. of the Constitution which declares that "every act shall embrace but one subject, which subject shall be embraced in its title."

ID. — SPECIAL LAWS. — The provisions of the act relating to the fees and salaries of officers are part of the general law establishing a uniform system of county and township governments, and are not within the inhibition of the Constitution declaring that the legislature shall not pass local or special laws "affecting the fees or salary of any officer."

ID. — CLASSIFICATION OF COUNTIES. — Under the provisions of section 5 of article xi. of the Constitution, the legislature is required to regulate the compensation of county officers in proportion to duties, and for this purpose may classify the counties by population. Held, that the legislature has the power to fix the number of classes required to carry out the purpose of the provision, and that the courts will not interfere with its determination.

APPEAL from a judgment of the Superior Court of the county of Solano.

The action was to recover an amount claimed for official services rendered by the plaintiff as constable, during the months of May and June, 1883. The defendant admitted the performance of the services as alleged in the complaint, but claimed that under the provisions of the Act of March 14, 1883, "to establish a uniform system of county and township governments," the plaintiff was not entitled to compensation for services in criminal cases exceeding one hundred dollars per month. By that act the defendant was constituted a county of the tenth class, and the compensation for services of a constable in criminal cases was limited to one hundred dollars per month.